**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **RICHARD ARNOLD CAMACARO-RIVERO** | **CIVIL ACTION NO. 26-2219** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE JERRY EDWARDS, JR.** |
| **WARDEN CENTRAL LOUISIANA ICE PROCESSING CENTER, ET AL.** | **MAG. JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Petitioner Richard Arnold Camacaro-Rivero,[1] a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[2] Respondents oppose the petition. [doc. # 12]. For reasons below, the Court should deny the petition.

## Background

Petitioner is a citizen of Venezuela. He entered the United States of America on September 20, 2022. [doc. # 1-1, p. 3]. He has no criminal record. [doc. # 1, p. 6].

---

1 Petitioner's "A Number" is 243-125-184.

2 This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

On September 21, 2022, the Government released Petitioner on parole. [doc. # 1, p. 6]. On June 1, 2023, Petitioner applied for asylum. [doc. # 1, p. 6]. On December 29, 2023, Petitioner received a "work permit valid through 2028." [doc. #s 1, p. 6; 1-1, p. 3; 1-3, p. 13]. He "worked lawfully under that authorization, supporting [himself] as a rideshare (Uber) driver." [doc. # 1-1, p. 4].

Petitioner was taken into immigration custody on March 16, 2026. [doc. # 1, p. 5]. On August 28, 2026, an immigration judge ordered Petitioner removed. Petitioner's deadline for filing an appeal is September 30, 2026.[3]

Petitioner filed this proceeding on approximately June 25, 2026. He first claims that his "detention without any individualized bond hearing violates the Due Process Clause of the Fifth Amendment." [doc. #s 1, p. 6; 1-1, p. 6]. Next, Petitioner claims that ICE arrested him without a warrant in violation of the Fourth Amendment. [doc. # 1, p. 6]. Finally, Petitioner claims that because ICE transferred him to Louisiana, 1,500 miles from his home in New York, he lacks access to his community, witnesses, evidence, and counsel. [doc. # 1, p. 6]. He argues, "The transfer punishes a civil detainee and severely impairs my defense against removal and my pending asylum claim." *Id.*

[3] https://acis.eoir.justice.gov/en/caseInformation (last visited September 3, 2026).

## Law and Analysis

**I. 8 U.S.C. § 1225 Vs. 8 U.S.C. § 1226**

The Fifth Circuit Court of Appeals held that aliens who have not been admitted may be detained without bond hearings under 8 U.S.C. § 1225(b)(2)(A) even when they have been present in the United States for many years. *Buenrostro-Mendez*, 166 F. 4th 494, 502 (5th Cir. 2026). In reaching its conclusion, the court analyzed the meaning of "seeking admission" and "applicants for admission" in 8 U.S.C. § 1225. *Id.* The court concluded that "applicants for admission," which includes all aliens who have not previously been admitted to the United States, are necessarily "seeking admission" and, therefore, subject to mandatory detention under § 1225(b)(2)(A). *Id.*

Here, *Buenrostro-Mendez* governs Petitioner's detention status: he is detained under Section 1225. Under 8 U.S.C. § 1225(b)(1)(B)(ii) (emphasis added), "If the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien *shall be detained* for further consideration of the application for asylum." Under Section 1225(b)(1)(B)(iii)(IV) (emphasis added), "Any alien subject to the procedures under this clause *shall be detained* pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." Under section 1225(b)(2)(A) (emphasis added), "Subject to subparagraphs (B) and (C), in the case of an alien who is an

applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title."

Plainly, Section 1225 does not authorize release on bond. *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). Petitioner is, therefore, not statutorily entitled to bond or a bond hearing. The Court should dismiss his statutory claim accordingly.

**II. Due Process**

Petitioner claims that the Due Process Clause entitles him to a bond hearing. In *Dzheison Ford v. Timothy Ducote, et al*., 3:20-cv-1170, Doc. 19, (W.D. La. Nov. 2, 2020), the district judge opined in pertinent part:

> In *Department of Homeland Security v. Thuraissigiam*, 140 S.Ct. 1959 (2020), a Sri Lankan national was stopped 25 yards after crossing the southern border of the United States. He was detained for expedited removal. An asylum officer rejected his credible fear claim. Thuraissigiam then filed a federal habeas corpus petition in which he, for the first time, asserted a fear of persecution and requested a new opportunity to apply for asylum. In reversing the appellate court, the Supreme Court found the detention did not violate the Due Process Clause. Although not a case of unreasonable detention, the case is important as to Due Process rights for illegal aliens. Citing *Nishimare Ekin v. United States*, 142 U.S. 651, 660 (1892), the Court held that with regard to foreigners who have never been naturalized or acquired any domicile or residence in the United States, "'the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law.'" 140 S. Ct. at 1977.
>
> In *Demore v. Kim*, 538 U.S. 510 (2003), Kim had entered the United States lawfully and had resided in this country for over 10 years before committing a crime, which made him deportable. Like Ford,

> Kim argued his mandatory detention violated due process when no determination had been made whether he posed a danger to society or a flight risk. Also, like Ford, Kim asked for an individualized bond hearing which was not authorized under the statute. Both the District Court and the Court of Appeals for the Ninth Circuit found the detention without a bond hearing violated Kim's due process rights. In reversing the District Court and Ninth Circuit, the Supreme Court held detention during these proceedings did not violate Kim's due process rights.
>
> Also, like Ford, Kim relied on the case of *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, two aliens were held pending removal after final order of deportation. However, no country would take them, so their detention continued for years beyond the 90–day removal period of 8 U.S.C. §1231(a). The Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is not authorized by the statute." *Id*. at 699. The Supreme Court concluded that six months was a presumptively reasonable period of detention, beyond the removal period, to remove aliens ordered deported. *Id*. at 702.
>
> The *Kim* Court held that *Zadvydas* was materially different because the detention of the aliens in *Zadvydas* was "indefinite" and "potentially permanent." Therefore, the correct standard to apply is to determine whether Ford's detention is "indefinite" or "potentially permanent."
>
> Ford's detention is not "indefinite" or "potentially permanent." Ford's detention ends when the removal proceedings end. Ford's focus on "unreasonable detention" is incorrect. As long as Ford's detention is not "indefinite" nor "potentially permanent," Ford's due process rights are not violated. See also *Jennings v. Rodriguez*, 138 S.Ct. 830 (2018).

Here, Petitioner is not constitutionally entitled to a bond hearing. *See Demore*, 538 U.S. at 531 ("Detention during removal proceedings is a constitutionally

permissible part of that process.").[4] As in *Ford*, Petitioner's detention is not indefinite or potentially permanent. An immigration judge ordered him removed on August 28, 2026. Petitioner's deadline for filing an appeal is September 30, 2026. Any appeal will likely extend Petitioner's detention until the BIA decides his appeal.

Accordingly, the Court should deny Petitioner's claim. Petitioner may of course re-file his claim if his detention becomes indefinite or potentially permanent.

**III. Fourth Amendment**

Because it concerns the Court's power to decide the case, "[j]urisdiction is always first." *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) (quoting *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021)). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). Several sections of the Immigration and Nationality Act curtail the jurisdiction of federal district courts in immigration cases. *See Jennings v. Rodriguez*, 583 U.S. 281, 292-96 (2018).

Here, Petitioner claims that ICE arrested him without a warrant in violation of the Fourth Amendment.

---

[4] *See also Romero v. Tate*, 2026 WL 1067566, at *1 (S.D. Tex. Apr. 20, 2026); *Bekboev v. Vergara,* 2026 WL 1011244, at *1 (S.D. Miss. Apr. 14, 2026); *Mlaih v. Noem*, 2026 WL 787536, at *4 (N.D. Tex. Mar. 19, 2026).

However, 8 U.S.C. § 1252(g) (emphasis added), strips the Court of jurisdiction over this claim. Section 1252(g), provides: "Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien *arising from the decision or action by the Attorney General to commence proceedings*, adjudicate cases, or execute removal orders against any alien under this chapter." Petitioner's claim arises from a decision to commence removal proceedings against him.[5] Accordingly, the Court should dismiss it.

---

[5] *See Guerra Quezada v. United States*, No. 25-10372, 2026 WL 2364302, at *3 (5th Cir. Aug. 14, 2026) (finding that the petitioner's false arrest claim was a challenge to the "'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders'" under 8 U.S.C. § 1252(g)); *Sissoko v. Rocha*, 509 F.3d 947, 950 (9th Cir. 2007) ("[W]e hold that 8 U.S.C. § 1252(g)'s jurisdiction-stripping language covers the Sissokos' false arrest claim."); *Limpin v. United States*, 828 F. App'x 429 (9th Cir. 2020) (opining, where a petitioner alleged that he was wrongfully arrested and detained in connection with removal proceedings, that the "district court properly dismissed [the] action for lack of subject matter jurisdiction because claims stemming from the decision to arrest and detain an alien at the commencement of removal proceedings are not within any court's jurisdiction."); *Gupta v. McGahey*, 709 F.3d 1062 (11th Cir. 2013) (finding, where a petitioner argued that agents illegally created an arrest warrant, illegally arrested him, and illegally detained him, that Section 1252(g) barred the court from reaching the merits of the claims).

Even assuming this Court did enjoy jurisdiction, the Court cannot provide the remedy Petitioner requests: release from detention. The remedy for an unlawful arrest is not release from custody, it is the suppression of evidence obtained from the arrest. *See I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). The Supreme Court has articulated that "the 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *Id.*; *see also Solis-de Patino v. Pitts*, 823 F. Supp. 2d 457, 464 (W.D. Tex. 2011); *Garcia Gabriel v. Hermosillo*, No. 2:25-CV-02594-DGE-GJL, 2026 WL 194233, at *5 (W.D. Wash. Jan. 26, 2026) ("even if Petitioner's arrest amounts to a Fourth Amendment violation, he is not entitled to habeas relief on that basis."); *Nyang v. Barr*, No. 419CV01459RDPHNJ, 2020 WL 9396482, at *1 (N.D. Ala. Feb. 4, 2020); *Ramirez-Mendez v. Olson, et al.*, No. CV 26-17-DLB, 2026 WL 907576, at *2 (E.D. Ky. Apr. 2, 2026) ("[T]he Court need not address the substantive issue of whether Petitioner's Fourth Amendment rights were violated because even if they were, he is not entitled to habeas relief on that basis.").

**IV. Punitive Transfer**

Petitioner claims that because ICE transferred him to Louisiana, 1,500 miles from his home in New York, he lacks access to his community, witnesses, evidence, and counsel. [doc. # 1, p. 6]. He writes: "Within six days of my arrest, ICE

transferred me from New York—where I live, where my evidence and community ties are located, and where I could realistically obtain counsel—to a remote facility in Jena, Louisiana. That transfer, on the facts of this case, operates punitively against a civil detainee and substantially impairs my ability to defend against removal and to pursue my pending asylum claim, in violation of the Fifth Amendment." [doc. # 1-1, p. 7].

Claims regarding prison transfers are generally not cognizable under § 2241. *Greenhill v. Menifee*, 202 F. App'x 799, 800 (5th Cir. 2006) ("Greenhill's claim that the Bureau of Prison's refusal to transfer him to a prison in the jurisdiction of his criminal conviction violated his due process rights is not cognizable under § 2241 because prisoners lack a constitutionally protected interest in where they are incarcerated."); *Perez-Rodriguez v. Holt*, 439 F. App'x 127, 129-30 (habeas petition seeking a transfer was properly dismissed where the transfer would not impact the calculation of either the state or federal sentence).

Petitioner does not have a right to be housed in any particular facility, nor does this Court have the authority to order the ICE to house Petitioner in any particular facility. *See Woldegiorgise v. Immigration & Customs Enf't*, 1:12-CV-02778, 2013 WL 664160, at *2 (W.D. La. Jan. 23, 2013), *report and recommendation adopted*, 2013 WL 672388 (W.D. La. Feb. 22, 2013).

Finally, the undersigned highlights the conclusory nature of Petitioner's claim: he does not explain how, specifically, his transfer to Louisiana deprives him of access to counsel or evidence. And he does not state what evidence he lacks or whether any lack of counsel has or will prejudice his immigration proceedings. *See Abiodun v. Gonzales*, 217 F. App'x 738, 742 (10th Cir. 2007) (opining, where an alien petitioner claimed that the Government transferred him to a location where he lacked legal materials, that he did not "satisfy the actual injury component of constitutional standing to bring this claim.").

The Court should dismiss this claim.

## **Recommendation**

For reasons above, **IT IS RECOMMENDED** that Petitioner Richard Arnold Camacaro-Rivero's petition be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass* v. *United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette, Louisiana, this 14th day of September, 2026.

Carol B. Whitehurst
United States Magistrate Judge